Hale, J.
Prior to August 26, 1891, there had been issued by the insurance company, the plaintiff in error, to Garvey, the defendant in error, an insurance policy covering a dwelling-house and certain personal property specified in the policy. On the 26th of August, a portion of the property was destroyed by fire. Subsequent to the loss an. agent of the company investigated the loss, and in behalf of the company entered into a contract with the policy-holder, which reads:
*658 “It is hereby mutually agreed between the Dwelling House Insurance Company, by its special agent, and Daniel Garvey, that the total amount of loss and damage by'fire on the 26ht day of August, 1894, to the property mentioned by this policy No. 749,972, of said insurance policy, issued at its Akron, Ohio, agency to said Garvey, is, after a full examination, agreed upon and determined by - compromise at the sum of $483.80, as follows” — then follows the items- — ■ “and said sum, as agreed,’ is binding and conclusive upon said parties as to the amount of loss and damage only, and this agreement and the examination by said special agent, do not in any respect waive formal proof of loss, or any of the conditions of said policy, nor a breach thereof, whether known to the said company at the date of the execution of this agreement or otherwise. The total insurance on said property is $2,400.00 as per list below. In testimony whereof the said parties have hereunto set their hands this 4th. day of September, 1894. Daniel Garvey. Dwelling House Insurance Company, per F. L. Parsons, Special Agent.”
The action was brought to recover the amount of loss agreed upon in this agreement, ignoring the policy. Not-upon the policy, but to enforce the payment of the amount thus adjusted.
The petition alleges that prior to the making of the written agreement, this special agent agreed that if the policy holder would enter this contract, he should have his money within thirty or sixty days.
Looking to the petition we are satisfied that no case is made for a recovery upon the verbal promise. If recovery is to be had at all, it must be had upon the written agreement between the special agent and the policy holder.
It is no doubt true that where the policy holder sustained a loss, and an agreement is made between him and the insurance company as to the amount of that loss, and nothing else, a promise may be implied on the part of the insurance company to pay that loss, and an action maintained on such agreement independent of the policy. It is because that *659 the law implies under those circumstances an agreement to pay. But that implied promise must be gathered from the entire contract made between the parties, and where the contract, in express terms or by necessary implication, specifies that no such implied promise shall arise from such agreement, we think none does arise. And it was only upon an implied agreement growing out of this contract that I have read to pay this insurance, that an action can be maintained in the shape that it now comes before the court.
Dickey,Brewer & McGowan, for Plaintiff in Error,
Francis J. Wing, for Defendant in Error.
And we hold that under this contract no such implied promise exists, and that no action can be maintained upon this contract independent of the policy.
That disposes of what there is of merit in this case. Substantially, when the plaintiff was through with his evidence, he relied upon the implied promise contained in this contract for recovery. A motion was made to take the case from the jury and direct a verdict for the defendant, which was refused. Testimony was then offered further, and the court charged the jury, construing the contract m favor of the plaintiff below, the policy holder, saying, in substance, that recovery could be had upon this contract, notwithstanding its terms. And the charge is in that language and in that form, that he might as well have directed a verdict for the plaintiff below.
Now, without going further into the case, we feel compelled to reverse this judgment, holding that the action cannot be maintained upon this agreement as it appears in this record.
The ground of reversal may be stated, as error in the charge of the court in construing this contract, and because the verdict is against the evidence.